Robert Ukeiley (*Pro Hac Vice*)
Law Office of Robert Ukeiley
255 Mountain Meadows Road
Boulder, CO 80302
Phone: 720-496-8568
Email: rukeiley@igc.org

Wendy Park (Cal. Bar No. 352371)
Ryan Maher (*Pro Hac Vice*)
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Phone: 781-325-6303
Email: rmaher@biologicaldiversity.org

*Counsel for Plaintiffs*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

KRISTEN SARNA (DC Bar No. 90018405)
United States Department of Justice
Energy & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 532-3315
Fax: (202) 514-8865
kristen.sarna@usdoj.gov

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>LEE MICHAEL ZELDIN,<br><br>Defendant. | No. 4:25-cv-6568-AMO<br><br>**[PROPOSED] CONSENT DECREE** |

WHEREAS, on August 5, 2025, Plaintiffs Center for Biological Diversity and Sierra Club filed a complaint against Lee Zeldin in his official capacity as Administrator, United States Environmental Protection Agency ("EPA");

WHEREAS, Plaintiffs allege that EPA has failed to perform certain mandatory duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401–7671q, and that EPA's inaction is actionable under 42 U.S.C. § 7604(a);

WHEREAS, in their Prayer for Relief, Plaintiffs request that the Court: (a) declare that the Administrator is in violation of the CAA with regard to his alleged failure to perform such mandatory duties; (b) issue a mandatory injunction requiring the Administrator to perform such duties by certain dates; (c) retain jurisdiction of this matter for purposes of enforcing and effectuating the Court's order; (d) grant Plaintiffs their reasonable costs of litigation, including attorneys' and expert fees; and (e) grant such further relief as the Court deems just and proper;

WHEREAS, under the CAA, EPA promulgates national ambient air quality standards ("NAAQS") for sulfur dioxide ("$SO_2$"), among other air pollutants. 42 U.S.C. §§ 7408–09. After promulgation, EPA must designate all areas in the country as attainment, nonattainment, or unclassifiable for the relevant NAAQS. *Id.* § 7407(d)(1);

WHEREAS, on June 2, 2010, pursuant to CAA section 109(d)(l), 42 U.S.C. § 7409(d)(1), the EPA Administrator signed a notice promulgating a final rule revising the primary NAAQS for $SO_2$, *Final Rule,* 75 Fed. Reg. 35,520 (June 22, 2010) (the "2010 $SO_2$ NAAQS");

WHEREAS, on July 25, 2013, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish initial air quality designations for certain areas under the 2010 $SO_2$ NAAQS including Sullivan County (part), Tennessee, *Air Quality Designations for the 2010 Sulfur Dioxide ($SO_2$) Primary National Ambient Air Quality Standard*, 78 Fed. Reg. 47,191 (Aug. 5, 2013) (the "initial 2010 $SO_2$ NAAQS designations");

WHEREAS, the initial 2010 $SO_2$ NAAQS designations became effective on October 4, 2013, *id.* at 47,191;

WHEREAS, on June 30, 2016, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish additional air quality designations for the 2010 $SO_2$ NAAQS, *Air Quality Designations for the 2010 Sulfur Dioxide ($SO_2$) Primary National Ambient Air Quality Standard—Round 2*, 81 Fed. Reg. 45,039 (July 12, 2016) (the "Round 2 2010 $SO_2$ NAAQS designations");

WHEREAS, the Round 2 2010 $SO_2$ NAAQS designations became effective on September 12, 2016, *id.* at 45,039;

WHEREAS, on December 21, 2017, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish air quality designations for certain areas under the 2010 $SO_2$ NAAQS including Hayden, Arizona, *Air Quality Designations for the 2010 Sulfur Dioxide ($SO_2$) Primary National Ambient Air Quality Standard—Round 3*, 83 Fed. Reg. 1098, 1106, 1158 (Jan. 9, 2018)(the "Round 3 2010 $SO_2$ NAAQS designations");

WHEREAS, the Round 3 2010 $SO_2$ NAAQS designations became effective on April 9, 2018, *id.* at 1098;

WHEREAS, on December 21, 2020, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish additional air quality designations for the 2010 $SO_2$ NAAQS including Howard (part), Hutchinson (part), and Navarro (part) Counties, Texas, *Air Quality Designations for the 2010 Primary Sulfur Dioxide (SO2) National Ambient Air Quality Standard—Round 4*, 86 Fed. Reg. 16,055, 16,071 (Mar. 26, 2021)(the "Round 4 2010 SO2 NAAQS designations");

WHEREAS, the Round 4 2010 $SO_2$ NAAQS designations became effective on April 30, 2021, *id.* at 16,055;

WHEREAS, pursuant to CAA section 191(a), 42 U.S.C. § 7514(a), States that contain areas that are designated nonattainment after November 15, 1990, are required to provide State Implementation Plan ("SIP") submissions to EPA within 18 months of the effective date of designations, *i.e.* by April 4, 2015 for the initial 2010 $SO_2$ NAAQS designations; by October 9,

2019 for the Round 3 2010 $SO_2$ NAAQS designations; and by October 31, 2022 for the Round 4 $SO_2$ NAAQS designations;

WHEREAS, Plaintiffs allege that pursuant to CAA section 110(k)(l)(B), 42 U.S.C. § 7410(k)(l)(B), EPA must determine whether a State's submittal is complete within 60 days after EPA receives the submission, or no later than six (6) months after the submission was due, and if EPA does not determine completeness of the plan or revision within those six (6) months, then the submittal is deemed complete by operation of law after those six (6) months;

WHEREAS, Plaintiffs allege that pursuant to CAA section 110(k)(l)(B)-(C), 42 U.S.C. § 7410(k)(l)(B)-(C), if a State does not submit a SIP at all or if EPA determines a submitted SIP to be incomplete, then six (6) months after the SIP was due EPA is required to determine that the State failed to submit the SIP;

WHEREAS, Plaintiffs allege that pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), EPA is required to approve in whole or in part, disapprove, or conditionally approve in whole or in part, each submitted complete plan or revision, within 12 months of a determination of completeness by EPA or a submittal deemed by operation of law to be complete;

WHEREAS, Plaintiffs allege that pursuant to CAA section 179(c), 42 U.S.C. § 7509(c), EPA is required within six (6) months following a designated nonattainment area's deadline for attaining a NAAQS to determine whether the area attained the standard by that date, and then to publish notice in the Federal Register of that determination;

WHEREAS, Plaintiffs allege that if EPA determines that an area did not attain the NAAQS by its attainment deadline, this triggers a requirement pursuant to CAA section 179(d)(l), 42 U.S.C. § 7509(d)(l), that the State submit a revised SIP;

WHEREAS, in Claim 1, Plaintiffs allege that Tennessee submitted a SIP to EPA for the Sullivan County $SO_2$ nonattainment area on February 9, 2023. Plaintiffs further allege that, because EPA did not determine by August 9, 2023 whether the SIP submittal met the minimum statutory criteria, Tennessee's SIP submittal was "deemed by operation of law" to meet the minimum statutory criteria and thus be administratively complete by no later than August 9,

2023 under CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B). Therefore, Plaintiffs allege that, under CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), EPA has a mandatory duty to approve or disapprove, either in full or in part, Tennessee's February 9, 2023 SIP submittal for the Sullivan County $SO_2$ nonattainment area by August 9, 2024, which Plaintiffs allege EPA has not done.

WHEREAS, in Claim 1, Plaintiffs also allege that Texas submitted SIPs to EPA for the Howard, Hutchinson, and Navarro Counties $SO_2$ nonattainment areas on October 24, 2022. Plaintiffs further allege that, because EPA did not determine by April 24, 2023 whether the SIP submittals met the minimum statutory criteria, Texas's SIP submittals were "deemed by operation of law" to meet the minimum statutory criteria and thus be administratively complete by no later than April 24, 2023 under CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B). Therefore, Plaintiffs allege that, under CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), EPA has a mandatory duty to approve or disapprove, either in full or in part, Texas's October 24, 2022 SIP submittals for the Howard, Hutchinson, and Navarro Counties $SO_2$ nonattainment areas by April 24, 2024, which Plaintiffs allege EPA has not done.

WHEREAS, in Claim 1, Plaintiffs also allege that Arizona submitted a SIP to EPA for the Hayden $SO_2$ nonattainment area on October 3, 2023. Plaintiffs further allege that EPA determined by a May 2, 2024 letter that Arizona's submittal is administratively complete. Therefore, Plaintiffs allege that, under CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), EPA has a mandatory duty to approve or disapprove, either in full or in part, Arizona's October 3, 2023 SIP submittal for the Hayden $SO_2$ nonattainment area by May 2, 2025.

WHEREAS, on August 20, 2026, EPA published a final rule approving the 2023 Hayden, Arizona $SO_2$ SIP revision. 91 Fed. Reg. 53720. Therefore, the Parties agree that Plaintiffs' claim in their complaint as to the Hayden, Arizona $SO_2$ SIP submission is moot.

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all claims in Plaintiffs' Complaint and therefore wish to effectuate this settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the parties agree that no party to this Consent Decree will challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree;

WHEREAS, Plaintiffs provided timely prior written notice of their intent to bring this suit, and more than 60 days have passed since Plaintiffs provided such written notice to EPA;

WHEREAS, the parties agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c)-(d); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the Parties by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

**OBLIGATIONS**

1. The appropriate EPA official shall:

   a. No later than March 1, 2027, sign a notice of final rulemaking pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4) to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, the October 24, 2022 Navarro County, TX $SO_2$ SIP revision;

   b. No later than December 18, 2026, sign a notice of final rulemaking pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4) to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, the February 9, 2023 Sullivan County, TN $SO_2$ SIP revision; and

c. No later than July 30, 2027, sign a notice of final rulemaking pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4) to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, the October 24, 2022 Howard and Hutchinson Counties, TX $SO_2$ SIP revisions.

2. If for any SIP revision listed in Paragraph 1, EPA, pursuant to CAA section 107(d)(3), 42 U.S.C. § 7407(d)(3), signs a final rulemaking redesignating the area as attainment before the relevant deadline listed in Paragraph 1, then EPA's obligation to take the action required by Paragraph l for that area is automatically terminated.

3. If before the relevant deadline listed in Paragraph 1, the State withdraws a SIP submission for any of the SIP revisions listed in Paragraph 1, then EPA shall notify Plaintiffs. EPA shall notify Plaintiffs within fifteen business days of receiving a written request to withdraw a SIP submission addressing any or all of the elements listed in Paragraph 1. Upon providing such notice to Plaintiffs, EPA's obligation to take the corresponding action required by Paragraph 1 is automatically stayed for fifteen business days. If during that stay Plaintiffs file a motion requesting the Court address EPA's obligation in light of the withdrawn submittal, then EPA's obligation to act on the withdrawn portion of the submittal is further stayed pending resolution of said motion. However, if Plaintiffs do not file such a motion within fifteen business days of EPA notifying Plaintiffs of the state's withdrawn SIP submission, then EPA's obligation to take the corresponding action required by Paragraph 1 is automatically terminated. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to EPA's obligation in the event that a State withdraws a SIP submission addressing any or all of the elements listed above in Paragraph 1 and Plaintiffs file a motion pursuant to this Paragraph. If EPA signs a finding of failure to submit for the withdrawn submittal and sends notice of the action to the Office of the Federal Register for review and publication in the *Federal Register* while such a motion is pending, Plaintiffs shall withdraw their motion within fifteen business days of EPA notifying Plaintiffs that such notice has been sent to the Office of Federal Register..

4. EPA shall within fifteen (15) business days of signature of each action set forth in Paragraph 1, send the package for the action to the Office of the Federal Register for review and publication in the *Federal Register*.

**RESOLUTION OF THE CONSENT DECREE**

5. After EPA has completed the actions set forth in Paragraph 1 of this Consent Decree, notice of the final actions has been published in the *Federal Register* as required by Paragraph 4, and the parties have resolved the issue of costs of litigation (including reasonable attorney fees), EPA may move to have this Consent Decree terminated and the above-captioned matter dismissed with prejudice. Plaintiffs shall have fourteen (14) calendar days to respond to such motion, unless the parties stipulate to a longer time.

6. The Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree.

**EXTENSIONS AND TOLLING OF DEADLINES**

7. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA and filed with the Court, or (b) by the Court upon motion by any party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply.

8. If a lapse in EPA appropriations occurs within 120 days prior to any deadline specified in Paragraph 1 of this consent decree, or any deadline extended pursuant to Paragraph 7 of this Consent Decree, the respective deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 7.

9. If EPA extends the notice and comment period for any action subject to the deadline in Paragraph 1, that deadline shall extend automatically to the shorter of 30 days or a number of days equal to the extension of the notice and comment period. When triggered, an automatic extension under this Paragraph applies only once for each deadline in Paragraph 1.

**COMPLETE RESOLUTION**

10. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of all claims in this case.

**DISPUTE RESOLUTION**

11. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations. The parties shall meet and confer in order to attempt to resolve the dispute. If the parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

12. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedures set forth in Paragraph 11 have been followed, and the moving party has provided the other party with written notice received at least 10 business days before the filing of such motion or proceeding.

**COSTS OF LITIGATION**

13. Plaintiffs reserve the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

14. The deadline for filing a bill of costs pursuant to Local Rule 54-1 and a motion for costs of litigation (including attorney fees) pursuant to Local Rule 54-5 for activities performed prior to entry of the Consent Decree is hereby extended until 90 days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs may file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request and shall have at least 60 days to respond to any motion for costs of litigation (including attorney fees). Plaintiffs shall have at least 30 days to file a reply in support of their motion.

15. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to resolve any requests for costs of litigation (including attorney fees).

**DISCLAIMERS RE: JURISDICTION, DISCRETION, AND ADMISSIONS**

16. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1); or (b) to waive any claims, remedies, or defenses that the parties may have under 42 U.S.C. § 7607(b)(1).

17. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or otherwise provided by administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this Paragraph.

18. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law, nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the action addressed in this Consent Decree.

**DRAFTING AND QUESTIONS OF INTERPRETATION**

19. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction providing that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

**NOTICE AND COMMENT**

20. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment under 42 U.S.C. § 7413(g), the Administrator and/or the Attorney General, as appropriate, shall promptly

consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree. If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, the EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

**NOTICES**

21. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

<u>For Plaintiffs</u>:

Robert Ukeiley
Law Office of Robert Ukeiley
255 Mountain Meadows Road
Boulder, CO 80302
Phone: 720-496-8568
Email: rukeiley@igc.org

Ryan Maher
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Phone: 781-325-6303
Email: rmaher@biologicaldiversity.org

<u>For Defendant</u>:

Kristen Sarna
P.O. Box 7611
Washington, D.C. 20044
Tel. (202) 532-3315
Email: kristen.sarna@usdoj,gov

**APPROPRIATED FUNDS**

22. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

**FINAL CLAUSES**

23. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

24. This Consent Decree applies to, is binding upon, and inures to the benefit of the parties and any successors, assigns and/or designees. This Consent Decree shall not be construed to create any rights in or grant any cause of action to any third party that is not a party to this Consent Decree.

25. The undersigned representatives of Plaintiffs and EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

**IT IS SO ORDERED** on this _____ day of _____________________, 2026.

_________________________________
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

COUNSEL FOR PLAINTIFFS:

*/s/ Robert Ukeiley*

Robert Ukeiley (*Pro Hac Vice*)
Law Office of Robert Ukeiley
255 Mountain Meadows Road
Boulder, CO 80302
Phone: 720-496-8568
Email: rukeiley@igc.org

Wendy Park (Cal. Bar No. 352371)
Ryan Maher (*Pro Hac Vice*)
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Phone: 781-325-6303
Email: rmaher@biologicaldiversity.org

COUNSEL FOR DEFENDANT:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Kristen Sarna*

KRISTEN SARNA (DC Bar No. 90018405)
United States Department of Justice
Energy & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 532-3315
Fax: (202) 514-8865
Kristen.Sarna@usdoj.gov

Of counsel:
Isabella Smith
Office of General Counsel
U.S. Environmental Protection Agency